UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA MILLS,<br>        Plaintiff,<br><br>v.<br><br>CITY OF TAUNTON, et. al.,<br>        Defendants. | CIVIL ACTION<br>No. 10-12181-MLW |

### REPORT AND RECOMMENDATION ON DEFENDANT TAUNTON POLICE DEPARTMENT'S MOTION TO DISMISS

April 26, 2011

BOAL, U.S.M.J.

Plaintiff Patricia Mills ("Mills"), brings this action in connection with her arrest on August 23, 2009, against the City of Taunton, the Taunton Police Department, Officer Mark Tremblay, Officer David Amaral, Police Chief John M. Reardon, and Mayor Charles Crowley. Mills asserts claims for negligence (Count I), negligent training and supervision (Count II), negligent/intentional infliction of emotional distress (Count III), the Massachusetts Civil Rights Act, Mass. Gen. Laws c. 12 § 11H and 11I (Count IV), and 42 U.S.C. § 1983 (Count V). See Complaint [Docket No. 1].

The matter is presently before the court on the Taunton Police Department's motion to

*[Handwritten annotation:]* As there is no objection to the magistrate judge's recommendation and it is, in any event, persuasive, the Report and Recommendation is hereby ADOPTED and the claims [against] the Taunton Police Department only are hereby DISMISSED. WoU, DJ 1/4/12

dismiss on the basis that it is not a proper party defendant. [Docket No. 6].[1] Mills has not filed any opposition to the Motion and her counsel represented to the Court at an April 8, 2011 scheduling conference that she did not oppose the motion.

For the following reasons, this Court recommends to the District Judge to whom this case is assigned that the Taunton Police Department's motion to dismiss be ALLOWED.

## FACTS[2]

The Taunton Police Department is an agency within the City of Taunton. Complaint, ¶ 4. Mills alleges that Taunton Police Officers Tremblay and Amaral arrested her at her home on August 23, 2009, without probable cause and with excessive force, and then created a false arrest report. Complaint ¶¶ 9-11. Mills alleges that she sustained physical and emotional injury as a result of the arrest, including a broken arm and subsequent limitation of arm movement and scarring. Complaint, ¶¶ 10, 12. Mills alleges that the Taunton Police Department, the City of Taunton, Police Chief Reardon and Mayor Crowley negligently trained and/or supervised Officers Tremblay and Amaral in their duties as a police officer. Complaint, ¶ 17.

## DISCUSSION

The Taunton Police Department argues that the claims against it should be dismissed because it is a part of the City of Taunton and is not a separate, legally distinct entity. Motion to

---

[1] On March 7, 2011, Judge Saris, to whom the case was assigned at the time, referred all dispositive motions to this Court for report and recommendation. See [Docket No. 4].

[2] When ruling on a motion to dismiss, the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

2

Dismiss, p. 2. Accordingly, the Taunton Police Department argues that any and all claims against it should be directed against the City of Taunton. Id. This Court agrees.

As alleged in the Complaint, the Taunton Police Department is a department within the City of Taunton and is not an independent legal entity. Complaint, ¶ 4. As such, the City of Taunton is the proper defendant in this matter. See, e.g., Lumpkin v. Lucey, 2010 U.S. Dist. LEXIS 43455, No. 09-11921, at *5 (D. Mass May 4, 2010) (Stearns, J.) (dismissing Section 1983 claim against Springfield Police Department because the City of Springfield was the proper defendant); Douglas v. Boston Police Dep't., 2010 U.S. Dist. LEXIS 66474, No. 10-11049, at *4-5 (D. Mass. July 1, 2010) (Young, J.) (dismissing Section 1983 claim against Boston Police Department because it was not a separate legal entity from the City of Boston); Stratton v. City of Boston, 731 F. Supp. 42, 46-7 (D. Mass. 1989) (Keeton, J.) (finding in an action involving Section 1983 and state law claims that the Boston Police Department is not a separate legal entity from the City of Boston and directing clerk to remove police department from case caption); cf. Henschel v. Worcester Police Dep't., 445 F.2d 624 (1st Cir. 1971) ("If a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city...").

## RECOMMENDATION

For the reasons stated herein, this Court recommends to the District Judge to whom this case is assigned that the Taunton Police Department's motion to dismiss be ALLOWED.

## REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection

3

thereto with the Clerk of this court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the Unites States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. V. McGee, 36 F.3d 143, 150-1 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge